UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1550-60 FAIRVIEW CORPORATION,
a Michigan corporation,

       Plaintiff,

       v.

GENESIS PROPERTIES, L.L.C., a New York corporation, KAREN ESTIME, an individual, and KEVIN JEAN-CHARLES, an individual, jointly and severally,

       Defendants.

CASE NO. 05-CV-73312-DT
JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should grant plaintiff's motion for default judgment.

II.   REPORT:

A.   *Procedural Background*

In this action plaintiff brings claims alleging breach of contract and foreclosure relating to two commercial properties. On March 30, 2006, plaintiff filed a motion to compel discovery, seeking an order compelling defendants to provide responses to its interrogatories and document production requests. No response to that motion having been filed within the time mandated by this Court's Local Rules, I entered an Order on April 20, 2006, granting plaintiff's motion and implicitly requiring defendants to provide the discovery responses within five days of the Order, as that was the relief requested in plaintiff's motion. On May 9, 2006, plaintiff filed this motion for sanctions based on defendants' continued failure to provide the requested discovery. Pursuant to Rule

1

37(b)(2), plaintiff seeks entry of a default judgment as a sanction for defendants' failure to comply with the order. Alternatively, plaintiff seeks any other appropriate sanction. No response to the motion has been filed by defendants.

On May 10, 2006, the Court referred the matter to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). A hearing was held on May 25, 2006, at which time I took the motion under advisement. At the hearing, counsel for defendants indicated that he has been unable to contact defendants, as they are no longer at their last known address and their last known telephone numbers have been disconnected. Counsel indicated that, in light of these facts, he intends to file a motion to withdraw as counsel for defendants.

B.    *Jurisdiction of the Magistrate Judge*

The Court referred this matter to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Courts that have considered the question have disagreed on whether the imposition of dismissal or default as a discovery sanction is within a magistrate judge's power to hear and determine a matter under § 636(b)(1)(A), or rather is only the appropriate subject of a report and recommendation pursuant to § 636(b)(1)(B). *Compare Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988) *with Singh v. Superintending Sch. Comm. of City of Portland*, 593 F. Supp. 1315, 1317 (D. Me. 1984) *and Devore & Sons, Inc. v. Aurora Pac. Cattle Co.*, 560 F. Supp. 236, 238 (D. Kan. 1983). *See generally*, *Cooperative Fin. Assocs., Inc. v. Garst*, 917 F. Supp. 1356, 1364 (N.D. Iowa 1996) (discussing split of authority). Some courts have, at least implicitly, suggested that the scope of the district court's review is determined by the actual disposition of the motion. Thus, for example, if a magistrate judge denies a motion for dismissal as a discovery sanction and imposes a lesser sanction, or no sanction, the district court reviews the

magistrate judge's order as one entered pursuant to § 636(b)(1)(A).  *See Knox v. Hayes*, 933 F. Supp. 1573, 1575 n.2 (S.D. Ga. 1995) (discussing, but disagreeing with, this standard, citing to *Ocelot Oil*, 847 F.2d at 1463-65 and *Thomas Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  Because, for the reasons explained below, I believe that plaintiff's motion should be granted and a default judgment should be entered, I respectfully submit this recommendation in lieu of a determination of the matter.

C.     *Analysis*

Plaintiffs seek a default judgment as a sanction for defendants' failure to obey the Court's discovery order pursuant to Rule 37(b)(2), which in relevant part provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (A)  An order that the matters regarding which the order was made or any other designated facts shall be taken as established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B)  An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D)  In lieu of any of the foregoing orders or in addition thereto, an order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
> . . . .
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(b)(2).  Pursuant to this rule, plaintiff seeks entry of a default judgment against defendants, or in the alternative monetary sanctions.

Ordering dismissal or default[1] to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices. *See, e.g., Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Generally, this sanction is not available unless the conduct of the complaining party was done willfully, maliciously, or in bad faith. *See, e.g., National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640 (1976) (per curiam). Before imposing a sanction of dismissal or default, a court should consider the prejudice to the complaining party, the degree of the wrongdoer's culpability, the availability of other measures to redress the problem, and the societal interest in the efficient administration of justice. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462-63 (4th Cir. 1993), *cited with approval by Coleman v. American Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994). As the Sixth Circuit recently summarized, in determining whether dismissal or default is an appropriate sanction for discovery abuses, a court should consider four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the [offending] party's failure to cooperate in discovery; the third factor is whether the [offending] party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal [is] ordered.

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *accord Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). "Consideration of these factors should be given with reference to the dual purposes underlying the use of dismissal as a sanction for willful noncompliance with discovery, namely, of punishing the offending party and deterring future litigants from engaging in

---

[1] The Court applies the same standard to determine whether default is an appropriate sanction as it does to determine whether dismissal is appropriate. *See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990); *Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 459-60 (S.D. Ohio 1995); *In re Sams*, 123 B.R. 788, 790 (Bankr. S.D. Ohio 1991).

similar misconduct." *Reese Corp. v. Rieger*, 201 B.R. 902, 907 (E.D. Mich. 1996) (citing *Bass*, 71 F.3d at 241).

Here, defendants' conduct is sufficiently egregious to warrant a sanction of default judgment. As noted above, dismissal or default judgment as a sanction is appropriate where there is a willful violation of a court order, that is, "whenever there is a conscious and intentional failure to comply with the court order." *Bass*, 71 F.3d at 241. While is true that the second and third factors weigh against imposition of a default judgment, dismissal or default may be imposed despite the absence of either prejudice or an explicit warning from the court where the recalcitrant party's conduct involves egregious conduct, such as a complete failure to provide discovery. *See, e.g.*, *Bank One of Cleveland*, 916 F.2d at 1079. Finally, the fourth factor–the efficacy of lesser sanctions–weighs in favor of granting plaintiff's motion. In addition to wholly failing to respond to either of plaintiff's motions or this Court's order, defendants have apparently made themselves unavailable for service of motions and orders by the parties or this Court, and have failed to provide any means for their own attorney to contact them. In these circumstances, it is doubtful that the Court could order any sanction short of default which would be effective in correcting defendants' failure to abide by the Court's order and cooperate in the discovery process.

D.   *Conclusion*

In view of the foregoing, the Court should grant plaintiff's motion for sanctions, and should enter a default judgment against defendants for their failure to cooperate in discovery and abide by this Court's order.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/2/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2006.

s/Eddrey Butts
Case Manager