UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1550-60 FAIRVIEW CORPORATION,
a Michigan Corporation,

      Plaintiff,

                                                  Case No. 05-73312

vs.                                                HON. GEORGE CARAM STEEH

GENESIS PROPERTIES, L.L.C., et al.,

      Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. # 53)

On June 28, 2006, this court entered an order modifying the magistrate judge's report and recommendation to enter a default judgment in favor of plaintiff. In the order, the court denied without prejudice both plaintiff's motion for discovery sanctions (up to and including default judgment) and the receiver's motion for an order permitting the sale of real property. This decision was based in part on defendant's counsel's recent involvement in the case, in the form of stipulation to case evaluation of the matter, and the order, accordingly, granted the parties' stipulated request for case evaluation.

Now plaintiff moves for reconsideration of the court's order, stating that denial without prejudice of the above-cited motions delays the matter and prejudices the plaintiff. Plaintiff asserts that it agreed to case evaluation only because such was "mandated by the Court's Scheduling Order," and that it never would have agreed to

such evaluation "if it had known that it would cause the Court to deny the motions and modify the Record (sic) and Recommendation."

The court notes that it certainly did not direct that the parties submit to case evaluation by the Wayne County Mediation Tribunal, and that such order resulted from the parties' *joint request* to refer the case to the tribunal. Such joint request was entered *after* the magistrate's report and recommendation to enter default judgment for the plaintiff, and after the defendant's failure to file objections to the report. This court considered the renewed involvement of the defendant, and the resulting request, to indicate an agreement by the parties to work toward settlement of the matter, so it accordingly denied the pending motions without prejudice. This certainly does not represent, in the court's opinion, palpable defect as required for granting a motion for reconsideration, as set forth in E.D. Mich. LR 7.1(g)(3).

The court appreciates plaintiff's predicament, in looking toward the long period of time during which the case will be held up for case evaluation, and an offer allegedly made on the property that plaintiff asserts is jeopardized by the delay. However, these facts do not change the procedural history of the case. Should the court receive a request from the plaintiff to withdraw from case evaluation, and any subsequent requests to renew the motions denied without prejudice, it will consider such requests and any responses filed by defendant as they are presented to the court. Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

                          S/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

Dated:  July 11, 2006


## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 11, 2006, by electronic and/or ordinary mail.

                          S/Josephine Chaffee
                          Secretary/Deputy Clerk